United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60885
Summary Calendar

SAI MOE AUNG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 910 250
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sai Moe Aung, a native and citizen of Myanmar (Burma), has petitioned for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying Aung's application for political asylum, withholding of removal, and relief under the Convention Against Torture (CAT). "Although this Court generally reviews decisions of the BIA, not immigration judges, it may review an immigration judge's decision when, as here, the BIA affirms without additional explanation." Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2003).  "[T]his Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings."  Id.  Under this standard, "the alien must show that the evidence is so compelling that no reasonable factfinder could conclude against it."  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Based on internal discrepancies in Aung's testimony and between Aung's testimony and his written asylum application, the IJ determined that Aung was not credible.  An IJ's findings on credibility are accorded "great deference."  Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002).

Aung asserts that the IJ's credibility determination is not supported by substantial evidence.  Aung, a former clothing manufacturer, contends that he is fleeing from Burma to avoid persecution because he contracted with relatives of the former dictator Ne Win to manufacture military-style uniforms that were to be used in an attempt to overthrow the government.  Aung contends that it was not reasonable for the IJ to require corroboration of his testimony concerning his alleged conviction in 2002 related to the attempted coup d'etat because such records were not reasonably available to Aung.  He contends that the omission of certain facts from his asylum application should not have been held against him because they were disclosed by Aung in response to questioning at the evidentiary hearing and because

the omissions involved insignificant facts.  Aung explains that the discrepancies between his written statement and his testimony regarding his involvement in the Shan National Army and the Shan National Organization resulted from imprecision in translation. As to discrepancies in the manner and timing of his learning of the coup d'etat, Aung contends that the disparity was the result of imprecision, rather than deceit.

The question presented is not whether the evidence could have supported a different finding on the question of Aung's credibility but whether there was "reasonable, substantial, and probative evidence" supporting the IJ's credibility finding. See Moin, 335 F.3d at 418.

Under this deferential standard of review, the petition for review must be denied.  In support of his findings, the IJ identified multiple discrepancies in Aung's testimony and written statement, many of which concerned matters that were central to his claim that there was a nexus between his political opinions and the government's actions against him, i.e., the time and the manner in which he learned of the coup d'etat and the fact that the government was looking for him.  Other discrepancies, although involving facts not directly pertinent to his claim that he had been and would be persecuted because of his political opinions, tended to undermine Aung's credibility generally.  The IJ could reasonably infer from Aung's omission of facts from his written statement regarding his role in the Shan National

Organization that Aung had embellished his testimony in order to establish that he was politically active and politically motivated. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Aung consistently denied, in his written statement and in his testimony, that he knew before the fact that he was making uniforms in support of a coup attempt. The fact that Aung did business with the coup leaders does not compel the conclusion that Aung was persecuted or was subject to persecution on account of one of the enumerated grounds in the Immigration and Nationality Act. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). At most, it shows that he associated with people who were politically motivated.

The IJ's decision denying the asylum application was supported by substantial evidence. See Moin, 335 F.3d at 418. Because of Aung's failure to satisfy the more lenient standard for asylum, Aung necessarily could not qualify for withholding of removal. See Majd v. Gonzales, 446 F.3d 590, 595 (5th Cir. 2006). Because Aung has not shown that the IJ's credibility determination should be overturned, Aung cannot carry his claim for relief under the CAT based on his testimony alone. See Efe, 293 F.3d at 907.

PETITION DENIED.